UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHEET METAL WORKERS NATIONAL ) | |
| HEALTH FUND, ) | |
| ) | Civil Action No. 3:08-0121 |
| Plaintiff, ) | |
| ) | *Judge Robert L. Echols* |
| v. ) | *Magistrate Judge Griffin* |
| ) | |
| MUSTANG SHEET METAL, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM**

This civil action was set for a hearing on March 8, 2010 in order to address unresolved issues regarding payments to Plaintiff (Docket Entry no. 40). Those issues had previously been identified by Plaintiff (Docket Entry no. 37), wherein Plaintiff contended Mr. Jerardo Cavazos and Mustang Sheet Metal had not complied with an agreement to make contributions to Plaintiff and contended Mr. Cavazos and Mustang Sheet Metal had not complied with the Court's permanent injunction requiring the prompt and timely submission of contributions to Plaintiff as required by 29 U.S.C. § 1145.

This Memorandum constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a).

Mr. Cavazos and Mustang Sheet Metal failed to appear at the March 8, 2010 hearing although they had received adequate notice. Based upon evidence and testimony presented by Plaintiff at the hearing, the Court finds that Mr. Cavazos and Mustang Sheet Metal have failed to submit contributions to Plaintiff for the work of employees during the months of December 2008 through December 2009. This failure violated the Court's permanent injunction and 29 U.S.C. §

1145. The total unpaid amount of contributions up to December 2009 is $154,103.37, interest on the unpaid contributions under rules of the Plaintiff is $27,114.24, and liquidated damages under rules of the Plaintiff not in excess of 20% is $30,821.47 which is an amount greater than the unpaid interest. The total is $212,043.08, and the Court will enter a judgment in this amount in favor of Plaintiff and against Jerardo Cavazos and Mustang Sheet Metal under 29 U.S.C. § 1132(g)(2). The Court expressly determines there is no just reason for delay in entering the judgment as a final judgment and will direct entry as such under Fed. R. Civ. P. 54(b). After entry of judgment, the Plaintiff may apply for a reasonable attorney's fee and costs under 29 U.S.C. § 1132(g) and Local Rule 54.01.

The Court reserves all other matters and Plaintiff may file an appropriate motion bringing any issues to the attention of the Court about compliance by Mr. Cavazos and Mustang Sheet Metal with the Court's orders.

An appropriate judgment will be entered.

IT IS SO ORDERED.

_____
ROBERT L. ECHOLS
United States District Judge